UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNA MOORHEAD, | Case No. 25-cv-01826-HSG |
| Plaintiff, | **ORDER DETERMINING STANDARD OF REVIEW** |
| v. | Re: Dkt. Nos. 27, 28 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | |
| Defendants. | |

Pending before the Court are the Parties' cross-motions to establish the standard of review in this Employee Retirement Income Security Act ("ERISA") action. *See* Plaintiff's Letter Brief ("Pl.'s Br."), Dkt. No 27; Defendants' Letter Brief ("Defs.' Br."), Dkt. No. 28.

The Parties dispute the appropriate standard of review applicable to Plaintiff's group LTD policy issued by Defendant Unum Life Insurance Company of America to Plaintiff's employer. Defs.' Br. at 1; Pl.'s Br. at 1. Defendants Unum Life Insurance Company of America ("Unum") and Provident Life and Accident Insurance Company ("Provident") (collectively, "Defendants") contend that an abuse of discretion standard of review should apply, while Plaintiff Brenna Moorhead ("Plaintiff" or "Ms. Moorhead") contends that the standard of review should be *de novo*.

The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** Defendant's motion, **DENIES** Plaintiff's motion, and finds that the abuse of discretion standard of review applies to this action.

## I.    BACKGROUND

According to the Complaint, Plaintiff was employed as an attorney by Goodwin Proctor,

United States District Court
Northern District of California

LLP ("Company") and participated in the Company's employee health and welfare benefit plan ("Plan"), which was funded by policies issued by Defendants ("Policies"). *See* Complaint ("Compl."), ¶ 2. The plan provided long-term disability ("LTD") and life insurance ("Life") benefits. Compl., ¶ 2. These benefits were and are insured by both Unum and Provident, through three separate policies: Unum policy numbers 38003-003 and 629715, and Provident policy number 06-675-4964429 (collectively, "the Policies"). *Id.*

Plaintiff alleges that while employed at the Company, she became disabled on March 17, 2023, due to a combination of medical conditions. Compl., ¶ 9. Due to her disability, Plaintiff then claimed that she was entitled to long-term disability and life waiver of premium ("LWOP") benefits under the Policies. Compl., ¶ 10. Relevantly, Plaintiff claimed she was entitled to Life Waiver of Premium ("LWOP") benefits under the LTD group policy insured by Unum. Compl., ¶ 2; Pl.'s Br. at 1. Unum assigned Plaintiff a claim number (23635606) for her LWOP benefits claim. Compl., ¶ 10. Defendants denied Plaintiff's claims by letter dated May 6, 2024. *Id.* Plaintiff appealed, and Defendants upheld the denial. Compl., ¶¶ 11, 12.

Plaintiff now brings suit to recover plan benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Compl., ¶¶ 7-19. She alleges that Defendants improperly denied Plaintiff's claims for long-term disability ("LTD") and Life Waiver of Premium ("LWOP") benefits. Compl., ¶¶ 7-19.

## II.    LEGAL STANDARD

A denial of ERISA benefits under 29 U.S.C. § 1132(a)(1)(B) "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc) ("De novo is the default standard of review."). "To assess the applicable standard of review, the starting point is the wording of the plan." *Abatie*, 458 F.3d at 962-63. "[F]or a Plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion, the Plan must unambiguously provide discretion to the administrator." *Id.* at 963. That is, if a plan unambiguously gives the plan administrator discretion to determine a plan participant's eligibility for benefits, then the standard of review shifts to abuse of discretion.

2

*Abatie*, 458 F.3d at 963.

Some states, including California, have enacted statutes that prohibit an insurance policy from assigning discretion to the insurer or administrator. Specifically, in 2011, California enacted Insurance Code § 10110.6 (effective January 1, 2012), which bans discretionary clauses in any policy that funds life insurance or disability insurance coverage for any California resident. The statute, which is "self-executing," Cal. Ins. Code § 10110.6(g), provides:

> If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.

Cal. Ins. Code § 10110.6(a). "Discretionary authority" refers to "a policy provision that has the effect of conferring discretion on an insurer or other claim administrator to determine entitlement to benefits or interpret policy language that, in turn, could lead to a deferential standard of review by any reviewing court." *Id.*, § 10110.6(c). If any discretionary provision is covered by the statute, "the courts shall treat that provision as being void and unenforceable." *Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan*, 856 F.3d 686, 692 (9th Cir. 2017) (Section 10110.6 is not preempted by ERISA and applies to disability insurance plans).

## III.    DISCUSSION

The Parties do not dispute that the LTD group policy at issue contains language conferring discretionary authority upon Unum to determine benefits eligibility. Pl.'s Br. at 1; Defs.' Br. at 1-2. That language provides: "In making any benefits determination under this summary of benefits, the Company shall have the discretionary authority both to determine an employee's eligibility for benefits and to construe the terms of this summary of benefits." Defs.' Br. at 2. However, Plaintiff contends that California Insurance Code § 10110.6 voids any provision conferring such discretionary authority upon Unum. Pl.'s Br at 1-2.

Defendant responds that Massachusetts law governs the policy. Defs.' Br. at 2. The Parties do not dispute that the policy at issue contains a Massachusetts choice-of-law provision.

United States District Court
Northern District of California

Pl.'s Br. at 1; Defs.' Br. at 2.  Massachusetts law does not contain the same statutory prohibition on the reservation of discretionary authority to the insurer.  *See* Pl.'s Br. at 3; Defs.' Br. at 2. Nevertheless, Plaintiff contends that this Court should apply California Insurance Code § 10110.6 and void the discretionary language in the policy.  Pl.'s Br. at 1-3.

Accordingly, this dispute boils down to a choice-of-law disagreement.  If California law governs, the policy's discretionary provision is void and unenforceable, and a *de novo* standard applies.  If Massachusetts law governs, the policy's discretionary provision dictates application of the abuse of discretion standard.

Lawsuits filed regarding ERISA-regulated plans are treated as federal question cases.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987).  In federal question cases, "the court should apply federal, not forum state, choice of law rules."  *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995).  Here, the federal choice of law rule provides that "[w]here a choice of law is made by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair" "when viewed from the time when the contract was made."  *Wang Laboratories, Inc. v. Kagan*, 990 F.2d 1126, 1128-29 (9th Cir. 1993) (where plaintiff was California resident injured in California, but defendant and most of its employees resided in Massachusetts, application of plan's selection of Massachusetts law was fair and reasonable); *see also Fenberg v. Cowden Automotive Long Term Disability Plan*, 259 F. App'x 958, 959 (9th Cir. Dec. 17, 2007) (reversing district court's decision to review de novo and holding that the district court should have reviewed for abuse of discretion pursuant to Rhode Island law).  In *Wang Laboratories*, the Ninth Circuit reasoned that because the plan would have to account for greater risk and uncertainty if it were subject to the choice of law doctrine of every state in which it might be sued, the benefits of consistently enforcing the contractual Massachusetts choice of law provision "redound ultimately to the beneficiaries."  *Id.* at 1129.  To avoid application of the contract's choice of law, a plaintiff must show that "viewed from the time when the contract was made, when a particular individual could not know whether he would be a litigant," the parties' choice of law was "unreasonable or fundamentally unfair." *Fenberg*, 259 F. App'x at 959.

Plaintiff argues that the Court should not follow *Wang Laboratories*, directing the Court a

4

line of cases voiding discretionary clauses contained in insurance policies that specify a governing law of another state. *See* Pl.'s Br. at 1 (citing *Rapolla v. Waste Management Employee Benefits Plan*, No. 13-cv-0860-JST, 2014 WL 2918863, at \*5 (N.D. Cal. Jun. 25, 2014); *Snyder v. Unum Life Ins. Co. of Am.*, No. CV 13-07522 BRO (RZx), 2014 WL 7734715, at \*10-11 (C.D. Cal. Oct. 28, 2014); *Hirschkron v. Principal Life Ins. Co.*, 141 F. Supp. 3d 1028 (N.D. Cal. 2015). Those district court decisions were persuaded by the language of California Insurance Code § 10110.6(a), which expressly applies to policies "offered, issued, delivered, or renewed, whether or not in California" providing life insurance of disability coverage for California residents. *See Hirshkron*, 141 F. Supp. 3d at 1031 (allowing a choice-of-law provision to override Section 10110.6 on "the narrow issue of the applicable standard of review for a denial of benefits" would "subvert the right to a 'fair review of claims denials'" granted by the California legislature to all California residents); *Snyder*, 2014 WL 7734715, at \*11 (applying the policy's choice of law would "subvert" "the substantive right of insured Californians to a fair review of claim denials," and "undermine the legislature's intent").

The Court respectfully disagrees with the reasoning of these cases. None of these decisions performed a choice-of-law analysis, which is the threshold issue. Specifically, none of these decisions appear to clearly apply the federal choice-of-law rule applicable to this situation, which requires examining whether following the choice of law made by an ERISA contract would be "unreasonable or fundamentally unfair" when viewed from the time when that contract was made. *Wang Laboratories,* 990 F.2d at 1128-29.

By contrast, the Court finds persuasive the approach employed by the courts in *Whitesell v. Liberty Life Assurance Co. of Bos.*, 650 F. Supp. 3d 832, 836 (N.D. Cal. 2022) (applying plan's choice-of-law provision selecting Minnesota law and applying abuse of discretion standard) and *Ehrlich v. Hartford Life & Acc. Ins. Co.*, No. 20-cv-02284-JST, 2021 WL 4472845, at \*7-8 (N.D. Cal. May 7, 2021) (applying plan's choice of law provision selecting Florida law and applying abuse of discretion standard).[1]

---

[1] The *Ehrlich* court, which was the same court that had decided *Rapolla*, acknowledged that it had erred in *Rapolla* by not conducting a choice of law analysis or considering the Ninth Circuit's

United States District Court
Northern District of California

In these cases, the courts considered whether the parties' choice of law at the time the contract was made was both reasonable and fair. *See Whitesell*, 650 F. Supp. 3d at 835-36 (Minnesota choice of law was fair and reasonable because plaintiff's former employer had tens of thousands of employees in Minnesota and conducts substantial business there, and reason supported applying the law of one state because the plan covered over 190,000 employees across all 50 states); *Ehrlich*, 2021 WL 4472845, at *8 (Florida choice of law was fair and reasonable where the plan covered employees all across the country, Florida was a major market for the plan sponsor, the plan sponsor had a large number of employees residing in Florida, and the plan sponsor's Florida subsidiary provided Plaintiff's employer with benefit administration services from Florida).

The Court concludes that it is fair and reasonable to apply the LTD group policy's choice of Massachusetts law. The policy was entered into between Goodwin and Unum in 1972, long before Section 10110.6 took effect, and before Unum or Goodwin could have purposefully selected Massachusetts law to avoid the effects of Section 10110.6. Defs.' Br. at 3. Given that the Company was and is a Massachusetts-based entity with its principal place of business in Boston, Massachusetts, and that the Company has thousands of employees throughout the world, the Court finds the uniform application of Massachusetts choice of law to each dispute arising under the LTD policy to be reasonable. *See Whitesell*, 650 F. Supp. 3d at 835-36; *Ehrlich*, 2021 WL 4472845, at *8; *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013) (application of bargained-for choice of law provisions is important to achieve uniformity, predictability, and efficiency under ERISA). As in *Wang Laboratories*, where the Ninth Circuit reasoned that because the plan would have to account for greater risk and costs if it were subject to the choice of law doctrine of every state in which it might be sued, here, the Plan's beneficiaries ultimately benefit from consistent enforcement of the Plan's choice of Massachusetts law. 990 F.2d at 1129.

---

instruction in *Wang Laboratories*. 2021 WL 4472845, at *7 n.8. The *Ehrlich* court noted that *Snyder* and *Hirschkron*, which had relied on *Rapolla*, also applied California law without first conducting a choice of law analysis.

Plaintiff also argues that upholding the Plan's choice of law provision would "read the savings clause out of ERISA." Pl.'s Br. at 2. The Court disagrees, because ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A), simply preserves the states' ability to "regulate[] insurance, banking, or securities." Upholding the Plan's choice of Massachusetts rather than California law with respect to this *particular* Plan, which was entered into in Massachusetts with a Massachusetts company, does not undermine California's ability to regulate insurance.

Accordingly, the Court finds that the Plan's choice of Massachusetts law applies and that California's prohibition on discretionary clauses does not apply to this case.

## IV.   CONCLUSION

Because Massachusetts law is the applicable choice of law, the abuse of discretion standard of review therefore applies to this case. Accordingly, Plaintiff's motion (Dkt. No. 27) is **DENIED** and Defendant's motion (Dkt. No. 28) is **GRANTED**.

The Court **SETS** a case management conference in this case on April 14, 2026, at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The Court **DIRECTS** the parties to meet and confer and file a joint case management statement by April 7, 2026. The statement should include an agreed-upon schedule for prompt briefing and hearing cross-motions under Federal Rule of Civil Procedure 52.

**IT IS SO ORDERED.**

Dated:   3/30/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

7